IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KENNETH ALLEN TESCH,<br><br>    Defendant. | No. 4:11-cv-00055 – JEG<br><br>**O R D E R** |

Before the Court is a Motion brought by Plaintiff United States (the Government) to Alter and Amend this Court's Default Judgment Order of August 12, 2011. Defendant Kenneth Tesch (Tesch) has not responded.

**I.    BACKGROUND**

From 1998 to 2007, the Internal Revenue Service (IRS) assessed taxes and penalties against Tesch and between 2009 and 2010, the IRS attempted to collect those unpaid taxes and penalties from Tesch. In response, Tesch either ignored the collection attempts or sent the IRS irrelevant correspondence. Thereafter, the IRS levied on Tesch's wages and began collecting a portion of Tesch's wages on April 9, 2010.

In reaction to the wage garnishment, Tesch filed documents with the IRS purporting to be an express revocable trust, directing the IRS to withdraw its tax liens. Tesch also filed Uniform Commercial Code (UCC) Financing Statements with the Iowa Secretary of State listing various IRS agents as debtors and Tesch as grantor.

In February 2011, the Government brought this declaratory and injunctive relief action against Tesch seeking a declaration that the fictitious filings are null and void and seeking to permanently enjoin Tesch from filing similar frivolous documents against any federal employees in the future. Tesch responded to the complaint with photocopies of the summons and complaint with the words, "Returned for cause without dishonor; for failure to exhaust administrative

remedy," stamped diagonally on each page. Def.'s Notice, ECF No. 2. Tesch did not make an appearance or file any further answer. Consequently, the Government moved for entry of default against Tesch. Tesch responded to the Government's motion for entry of default with another photocopied document of the motion with the words, "Timely returned for cause without dishonor; for your failure to exhaust administrative remedy," stamped diagonally across each page, along with a certificate of service. Def.'s Notice, ECF No. 6. The Clerk of Court entered default against Tesch on May 5, 2011.

The Government then filed a motion for default judgment. In response to this motion, Tesch again filed a photocopy of the motion with the words, "I am refusing all benefits. Timely returned for cause without dishonor; for your failure to exhaust administrative remedies," stamped diagonally across each page. Def.'s Response, ECF No. 8. As a result of Tesch's failure to properly respond, the Court accepted the Government's factual allegations that the UCC Financial Statements filed by Tesch were frivolous and harassing in nature and granted the motion for default judgment.

In its Order granting default judgment, the Court declared the UCC Financing Statement null, void, and without legal effect. It also granted the Government leave to file the judgment with the Iowa Secretary of State and any other jurisdiction where Tesch may have filed similar documents. The Court permanently enjoined Tesch, his agents, his employees, and any other participants from filing or attempting to file any documents or instruments which purport to create any non-consensual lien or encumbrance against the person or property of any employee or officer of the Government. The Court also awarded the Government costs and reasonable attorneys' fees. However, regarding the Government's requests that the Court order Tesch to disclose any other UCC filings Tesch has made and direct the Iowa Secretary of State to expunge any financial statements Tesch has filed, the Court ordered the Government to file supplemental briefing on the legal and logistical basis for granting those requests. The Government has

submitted its supplemental briefing and requests that the Court enter an amended default judgment reflecting those requests.

## II. DISCUSSION

### A. Standard for the Motion

"A motion to amend the judgment under Fed. R. Civ. P. 59(e) is appropriate if the court in the original judgment has failed to give relief on a claim on which it has found that the party is entitled to relief." Cont'l Cas. Co. v. Howard, 775 F.2d 876, 883 (7th Cir. 1985) (citing 11 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, Civil § 2817 at 111). District courts have broad discretion in determining whether to grant or deny a Rule 59(e) motion to alter or amend a judgment. United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006).

### B. Compelled Disclosure of Other Filings

The Government requested that the Court compel Tesch to disclose within thirty days any and all other common law writs, liens, levies, certificates, promissory notes, criminal complaints, accountings, or similar legal documents that Tesch had or had caused to be prepared, published, or filed to encumber the property or person of any officer or employee of the Government. The Government asserts that such an order is necessary because public databases are not searchable by the filer's identity, in this case Tesch, but only by the identity of the person against whom the documents are filed. The Government asserts it would be impossible and a waste of Government resources for the Government to search the entire roster of the IRS and/or all federal employees to determine whether Tesch had filed similar documents in any other state or locality. Moreover, the Government seeks to avoid any potential future harms caused by Tesch's lien, reasoning that if Tesch is not compelled to disclose other filings, a federal employee may only discover a fictitious lien years later when he or she encounters personal financial difficulties as a result of

3

the lien. This would necessitate filing a new suit on the employee's behalf, which could take months to resolve, whereas Tesch's personal knowledge and compliance with an order of disclosure could resolve any potential matters now. The Government relies on the broad scope of 26 U.S.C. § 7402(a) as the authority by which the Court may grant such relief.

Section 7402(a) of the Internal Revenue Code provides that "[t]he district courts of the United States . . . shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction . . . and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." Section 7402(a) goes on to state that these remedies "are in addition to and *not exclusive of any and all other remedies* of the United States in such courts or otherwise to enforce [internal revenue] laws." (emphasis added).

Courts have used the broad grant of authority provided in § 7402(a) to require persons who interfere with the internal revenue laws to disclose the information and the documents they use in order to prevent further interference. See, e.g., United States v. Wyatt, No. CIV. W-02-CA-58, 2002 WL 1869401, at *3 (W.D. Tex. June 25, 2002) (ordering, among other things, that defendants "advise the Court in writing within eleven (11) days . . . of any additional filings of documents similar to those [fictitious liens] enumerated above against any government employees, the name of the individual or individuals listed in the document, the date and place of filing and other pertinent information relating to said filings"); United States v. Potter, No. 96-72567, 1997 WL 717821, at *1 (E.D. Mich. July 29, 1997), aff'd, 172 F.3d 874 (6th Cir. 1998) (unpublished table opinion) (granting government's motion to direct defendants to disclose the names of all federal employees against whom defendants had filed liens or felt they had claims against, the public offices or other places where they had filed liens, and to file proof of compliance with the order to the clerk of court); United States v. Lamb, 76 A.F.T.R.2d 95-5675 (E.D. Mich. June 23, 1995) (ordering defendants to declare "in a written document to be sent to the plaintiff and to

4

[the court], the existence of and location of any other such common-law liens"); United States v. MacElvain, 858 F. Supp. 1096, 1102 (M.D. Ala. 1994) (directing that "within 14 days of the entry of [the court's] order, defendant . . . shall disclose in writing . . . [all liens] that he has published or filed or caused to be published or filed in order to attach or encumber or cloud title to the property of any official of the United States or contract employee of the United States").

In United States v. Benson, 561 F.3d 718, 726-27 (7th Cir. 2009), the defendant was selling materials that provided information on how to avoid paying federal taxes. The district court did not compel defendant to disclose his customer list, but the Seventh Circuit reversed citing the broad power available to the courts to provide such relief under 26 U.S.C. § 7402(a). Id. at 727. The court reasoned that it was unlikely that the government could identify all of the defendant's customers on its own and that it would serve the public interest for the government to receive a list of the defendant's customers so as to warn them of the falsity of his claims, and also to enforce the tax laws. Id. The court noted several other cases in which persons who had attempted to interfere with tax laws through similar methods had been required to divulge their customer lists. Id.

Here, instead of interfering with tax laws by selling information to customers as in Benson, Tesch targeted IRS and federal employees by filing liens as "frivolous devices used to harass the Government and its employees." United States v. McGugan, 600 F. Supp. 2d 608, 614 (D.N.J. 2009). Tesch filed UCC Financing Statements against these employees after the IRS had assessed taxes and penalties against Tesch and had attempted to collect the amount Tesch owed. The record demonstrates that Tesch's sole purpose in filing the fictitious liens was to harass and interfere with the IRS employees' enjoyment of their property.

The Court finds that the broad scope of 26 U.S.C. § 7402(a) is sufficient to grant the Government's request.

### C. Expungement

The Government also requests that, pursuant to § 7402, the Court order the Secretary of State of Iowa to expunge the UCC Financing Statements filed by Tesch from its records.

Under § 7402(a), courts have directed state agencies to expunge fictitious liens filed against federal employees. In Ryan v. Bilby, 764 F.2d 1325, 1327 (9th Cir. 1985), a disgruntled taxpayer filed a civil rights lawsuit against three judicial officers and various other individuals involved in prosecuting the taxpayer for tax evasion. During the pendency of the case, the plaintiff filed several common law liens and writs of attachment on the defendants' property. Id. The district court ordered that the liens be released and enjoined the plaintiff from filing similar liens in the future. Id. On appeal, the Ninth Circuit rejected the plaintiff's "contention that the district court lacked jurisdiction to release his baseless common-law liens and writs of attachment," and held that "section 7402(a) empowers the district court to void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes." The Eleventh Circuit similarly affirmed the expungement of common-law liens filed by disgruntled taxpayers against the property of individuals who assisted the IRS in the authorized seizure of the taxpayers' property. See United States v. Kaplowitz, 201 F. App'x 659, at *1 (11th Cir. 2006) (unpublished per curiam), aff'g, No. 6:05-CV-1212-ORL-31K, RS, 2005 WL 3817677 (M.D. Fla. Dec. 22, 2005). Consistent with these circuit cases, several district courts have ordered the expungement of fictitious liens under § 7402. See, e.g., United States v. Merritt, No. 2:11-cv-01136 JAM KJN, 2011 WL 5026074, at *8 (E.D. Cal. Oct. 21, 2011) (ordering that the "UCC Financing Statement be expunged, along with any record of it, from the official records of the Secretary of State for the State of California"); McGugan, 600 F. Supp. 2d at 615 ("The court will order that the bogus documents be expunged from county and state records"); United States v. Davis, Civil Action No. 1:05-CV-0388, 2006 WL 2238457, at *2-4 (E.D. Tex. Aug. 3, 2006) (ordering and authorizing the Texas Secretary of State, and all other applicable state and local

6

officials and agency directors, to expunge the UCC Financing Statement); United States v. Haggert, Civ. No. 95-236-B, 1996 WL 196757, at *2 (D. Me. Feb. 12, 1996) (ordering the fictitious liens "expunged from the Office of the County Recorder").[1]

In this case, the Government asserts that expungement will provide a more complete remedy to what has previously been granted because it will eliminate the possibility of any future injury to the federal employees named in the filing. The Court concludes that such relief is within the broad authority of § 7402(a).

### III. CONCLUSION

The Government's Motion to Alter and Amend Order Granting Motion for Default Judgment is **granted** (ECF No. 14), and the following shall be added to the Court's Order of August 12, 2011:

1. Defendant Tesch shall disclose to the Court and to Plaintiff United States within thirty (30) days of this Order, all fictitious legal documents, including but not limited to other common law writs, liens, levies, certificates, promissory notes, criminal

---

[1] The Court notes that in United States v. Secretary of State of Kansas, No. 03-1170-JTM, 2003 WL 22472226, at *3 (D. Kan. Oct. 30, 2003), the state agency failed in challenging to the court's authority to order the expungement of fictitious liens. In that case, the government brought a declaratory and injunctive relief action against both the Kansas Secretary of State (the Secretary) and the federal criminal inmate who had filed a fictitious lien against a federal judge. In granting summary judgment in favor of the government, the court ordered, among other relief, that the Secretary "completely remove and expunge the lien filed by [the inmate] against [the federal judge] from all records maintained by the State of Kansas, and all records maintained by credit reporting agencies, if any, as to which the State of Kansas has provided such lien information." Id. The Secretary filed a motion to alter and amend the court's order arguing that expungement was contrary to Kansas law. United States v. Sec'y of State of Kan., No. 03-1170-JTM, 2003 WL 23096958, at *1 (D. Kan. Dec. 29, 2003). The court denied the Secretary's motion, reasoning that Kansas statutes only limited the ability of the Secretary to remove liens in cases of lapsed financing statements. Id. The court found that there was no statutory basis prohibiting the Secretary from complying with the court's order, and while the state had an interest in maintaining the system property interest records, that interest did not include maintaining documents found by a court to be "utterly ineffective, illegal, and void." Id.

complaints, accountings, or similar legal documents that Defendant Tesch has or has caused to be prepared, published, or filed to encumber the property or person of any officer or employee of the United States.

2. Secretary of State of Iowa shall expunge the UCC Financing Statement, Document Number P10007439-8, from the records of its office. The Clerk of Court shall provide a copy of this Order to the Iowa Secretary of State.

**IT IS SO ORDERED.**

Dated this 22nd day of December, 2011.

_____
JAMES E. GRITZNER, Chief Judge
U.S. DISTRICT COURT